UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUYING LIN,<br><br>                               Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,<br><br>                               Respondents. | Case No.:  26-CV-3173 JLS (MMP)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS, AND**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 1, 3) |

Presently before the Court are Petitioner Yuying Lin's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion for Temporary Restraining Order ("Mot.," ECF No. 3).  Also before the Court are Respondents' Return to Petition for a Writ of Habeas Corpus ("Ret.," ECF No. 5) and Petitioner's Traverse ("Traverse," ECF No. 6).

Petitioner alleges that she has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Facility.  Pet. at 2.  Petitioner alleges that she was previously released on conditional parole when she entered the United States in 2023 and

has complied with the conditions of her release. *Id.* Petitioner alleges that she was re-detained without notice or justification in violation of the Due Process Clause of the Fifth Amendment. *Id.* at 2, 4.

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2); however, Respondents "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." Ret. at 2 (collecting cases). Respondents therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." *Id.* at 3. The Court finds that Petitioner is entitled to release. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus (ECF No. 1), **DENIES AS MOOT** the Motion for Temporary Restraining Order (ECF No. 3), and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of her preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of her release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by June 19, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 29, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

26-CV-3173 JLS (MMP)